YELVERTON, Judge.
Plaintiff, Jeanette Savoy, sued to evict the defendant, Larry Jones, from a mobile home. From a judgment dismissing her suit, she appeals. We affirm.
The plaintiff and her husband purchased the mobile home in 1979, financing it with CIT Financial Services. In November 1981 they agreed to sell the mobile home to the defendant, Larry Jones, who moved in that December and began paying the notes. In September 1983 Jeanette Savoy filed a rule to evict Jones, under La.C.C.P. arts. 4701-4735. '
In the rule, she alleged that there had been a verbal agreement with Jones under which she and her husband would sell and transfer the title of the mobile home to defendant when he paid them $600 in cash and obtained the necessary financing to transfer the promissory note and the chattel mortgage into his name. The defendant’s version of the oral agreement was that he agreed to buy the mobile home for $600 cash and the assumption of the mortgage and mortgage note. The $600 cash payment was not due, according to defendant’s understanding, until the plaintiff and her husband transferred title to his name.
About all the parties could agree on was that Jones moved into the trailer in December 1981 and made the payments thereafter, and that he was still paying the notes to CIT when the case was tried in August 1984. Defendant never paid the $600 allegedly because the title was not transferred to his name. The plaintiff’s explanation for why title was never transferred was because defendant never obtained the necessary financing and never paid the $600.
At the hearing on the rule the trial court, relying on the defendant’s witnesses, determined that a sale of the mobile home took place in December 1981 since the parties agreed to the object and price of the sale. Finding that plaintiff was accordingly without right to evict Jones, the trial court dismissed the eviction rule.
On this appeal Savoy’s main argument is that the trial judge erred in finding that she was not the owner. She contends that ownership of property cannot be determined in a summary proceeding. A second assignment of error complains that Savoy’s absent husband, her co-owner, was not made a party, and that the judgment finding the defendant the owner was done in the absence of an indispensable party.
In a suit for eviction, the plaintiff has the burden of showing that he is the owner or lessor of the property. See C.C.P. arts. 4701 et seq. In the present case the trial court determined the plaintiff failed to meet this burden by a preponderance of the evidence, and the suit was dismissed. Such ruling does not affect any interest plaintiff’s husband may have to the property, therefore the plaintiff’s husband was not an indispensable party to the proceedings.
We cannot say that the trial court was clearly wrong in finding that plaintiff failed to prove she was the owner of the mobile home due to the December 1981 sale to defendant. A party may prove the verbal sale of a movable by the testimony of one witness and other corroborating evidence. La.C.C. art. 1846. In the present case the trial court accepted the testimony of the defendant that the parties agreed on the sale of the mobile home in December 1981 for $600 cash and the assumption of the mortgage note, and that the payment of the $600 was not due until the plaintiff and her husband had transferred title to the defendant. We accord these findings of fact the weight they are due under Canter v. Koehring, 283 So.2d 716 (La.1973). The evidence is uncontradicted that defendant moved into the mobile home and has paid each of the monthly mortgage payments after December 1981. The plaintiff did not file the present rule until September 1983, approximately 20 months after the agreement. From this evidence the *235 trial court could conclude that the plaintiff, being neither the owner nor the lessor, was without right to bring an eviction proceeding. The rule was properly dismissed.
For these reasons, the judgment is affirmed at appellant’s costs.
AFFIRMED.